### No. 428

### MD. MOTOR CAR INS. CO. v. MEISTER

#### No. 18427. Supreme Court of Ohio

Motion to direct Cuyahoga Appeals to certify record. Docketed March 7, 1924. 2 Abs. 194.

#### 647. INSURANCE—Theft policy:

This case came before the Supreme Court of Ohio on a motion to certify. In the Municipal Court of Cleveland one Meister brought action on an automobile theft insurance policy for $2,000 This policy was taken out in October, 1921, and the car was stolen in January, 1922. The defendant set up many defenses, including a denial that the plaintiff had performed all the conditions of the policy, and breach of warranty, or misrepresentation of fact, a failure to file a proof of loss within proper time, and that the cash value of the car was not $2000. It seems that the plaintiff had represented that the car was worth $5300.

The evidence was in conflict as to whether plaintiff represented the car cost $5300 when it only cost $1500. After the plaintiff received the policy he examined it and saw that the car was insured for $5300 instead of $1500 but did not report the discrepancy to the Insurance Company. Moreover, there was a mistake in the model of the car, the automobile being a 1917 model instead of a 1919 as stated in warranties contained in the policy. The jury returned a verdict in favor of the plaintiff for $1000 In sustaining the judgment of the lower court the Court of Appeals held that the verdict was not manifestly against the weight of the evidence. The Insurance Company than filed its motion in the Supreme Court to certify the record. The issues presented by the case to the Supreme Court were:

1. Was there a breach of warranty which would preclude the policy holder from recovery?

2. Did the policy holder breach any conditions of the policy in failing to determine cash value of car?

3. Does the failure to file a sworn proof of loss preclude the policy holder from a recovery on the policy?

(The motion to certify was overruled May 27, 1924.)

Attorneys—John H. McNeal, for The Maryland Motor Car Insurance Company.

---

# U. S. DISTRICT COURT

(Continued from Page 434)

On a hearing the bill was dismissed as to all matters except those dealing with the Canadian patents and it was held:

1. That the objection that the defendant was an American citizen and an inhabitant of New York or Illinois and could only be sued in the state of his residence goes to venue and not to jurisdiction and this objection has been waived by answering to the merits.

2. The judgment in the State Court is at bar to a subsequent suit as to all matters within the jurisdiction of the State Court and therein determined. Notwithstanding an appeal which under the state statute does not supersede the judgment.

3. Want of jurisdiction of subject matter is, if true, a good reply to the plea of the bar of former judgment.

4. The State Court had jurisdiction to enforce a contract establishing title to a patent as this does not involve any question of infringement of patent.

5. The State Court had jurisdiction to grant specific performance of a contract involving the title to a patent if it does not determine the question of infringement.

6. The prayer for an order directing Mabee to assist in the procuring of letters patent upon specified applications is too general as well as too vague to be made the subject for an order of specific performance.

7. The State Court has completed all issues presented except those relative to the Canadian patents and the bill is dismissed as to all matters so concluded.

Attorneys—Ritter & Hutchens, for By-Products Recovery Co.; J. H. Boyd, for Mabee; all of Toledo.